## THE FIXING OF RATES FOR GAS BY MUNICIPALITIES.

Common Pleas Court of Licking County.

### THE VILLAGE OF GRANVILLE v. THE CRAWFORD NATURAL GAS & FUEL COMPANY.*

Decided, January Term, 1911.

*Municipal Corporations—Gas Rates Fixed by Council—Are Binding on Gas Company, When—Pleading—Sections 3982 and 3983.*

1. It is not good form to deny, for want of information, the passage of an ordinance which is pleaded and of the passage of which the defendant was given notice in due course.

2. Where no rate has been fixed for gas for a period of not more than ten years, by the passage of an ordinance by council and its acceptance by the gas company, it is competent for council from time to time to fix the rate which shall be paid for gas; and a denial by the gas company of the right of council to pass such an ordinance is open to demurrer.

*A. A. Stasel,* for plaintiff.
*L. B. Denning,* contra.

SEWARD, J. (orally).

This case is submitted to the court upon a demurrer to the answer. The petition alleges—and the demurrer searches the record, and, therefore, the court refers to the record as it is— the petition alleges the passage of an ordinance in 1898, whereby a franchise was granted to the defendant company, embracing certain rights and privileges as to the laying of gas mains and pipes through the streets and in the village of Granville. It alleges further that the defendant agreed to supply the village and its inhabitants with gas at twenty-five cents per thousand cubic feet; that the defendant accepted the terms of the ordinance within ninety days and entered upon the filling of its contract by furnishing gas at twenty-five cents a thousand cubic feet; that this contractual relation was made for the period of

---

*Same action taken by the Circuit Court on appeal, at its March term, 1911.

ten years, under the statutes providing for such matters; that on June 2, 1908, council duly legally passed an ordinance fixing the price, which the company should have the right to charge for gas, at fifteen cents per thousand cubic feet for ten years, and providing that consumers should have the option to take by meter or flat rates, and providing the price at flat rates—the maximum price beyond which the company would not have the right to charge.

The answer contains four defenses. The first says that it has no knowledge of the due and legal passage of the ordinance and denies the same, and demands proof.

The ordinance is set out briefly in the petition, and the answer admits that it was notified of its passage, but avers that it never accepted its terms, but expressly repudiated the same.

I do not think that the defendant has the right to come into court, where a record is pleaded, and say that for want of information it denies the allegation of the petition as to that record.

The ordinance is pleaded, and alleges that the company was notified of the passage of the ordinance, and I do not think it is good form for it to come in and say, after the ordinance is pleaded, and notice given to it of the passage of the ordinance—I do not think it is good form for it to say that it denies the passage of the ordinance for want of information. The information is at hand, to be procured before the filing of the answer.

The answer denies every other allegation in the petition. I refer to that because of the fact that it might have some influence with the court in reaching a determination upon this demurrer.

The other three defenses raise a constitutional question, and that is: as to the constitutionality of the ordinance passed by the village of Granville. This feature was submitted to the court, and the court investigated it—as to the right of the village of Granville to pass the ordinance.

It is claimed by the defendant that the village of Granville has no right to pass an ordinance which binds the company without its acceptance of the provisions of the ordinance.

Section 3982 of the General Code provides:

"The council of a municipality in which electric lighting companies, natural or artificial gas companies, gas light or coke companies, or companies for supplying water for public or private consumption, are established, or into which their wires, mains or pipes are conducted, may regulate from time to time the price which such companies may charge for electric light, or for gas for lighting or fuel purposes, or for water for public or private consumption, furnished by such companies to the citizens, public grounds, and buildings, streets, lanes, alleys, avenues, wharves and landing places, or for fire protection. Such companies shall in no event charge more for electric light, natural or artificial gas, or water, furnished to such corporation or individuals, than the price specified by ordinance of council. The council may regulate and fix the price which such companies shall charge for the rent of their meters, and such ordinance may provide that such price shall include the use of meters to be furnished by such companies, and in such case meters shall be furnished and kept in repair by such companies and no separate charge shall be made, either directly or indirectly, for the use or repair of them."

This section of the statute provides for the regulation of the price at which gas may be sold by the defendant company.

The next section fixes the right of the company to enter into a contractual relation for the period of ten years.

Section 3983. "If council (now notice the wording of the beginning of the section) if council fixes the price at which it shall require a company to furnish electricity or either natural or artificial gas to the citizens, or public buildings or for the purpose of lighting the streets, alleys, avenues, wharves, landing places, public grounds or other places or for other purposes, for a period not exceeding ten years, and the company or person so to furnish such electricity or gas assents thereto, by written acceptance, filed in the office of the auditor or clerk of the corporation, the council shall not require such company to furnish electricity or either natural or artificial gas, as the case may be, at a less price during the period of the time agreed on. not exceeding such ten years."

These two sections of the statute provide that council may regulate the price, and that if they regulate the price for the period of ten years, and if the company accepts the price fixed by council, by ordinance, that that makes a binding contract with the company for ten years, and the council can not inter-

fere with the binding force of that contract until the ten years
have expired.   That is, they can not fix any different rate. The
rate is established by the passing of the ordinance by the council,
and the acceptance of the provisions of the ordinance by the com-
pany.   The rate is fixed and established for ten years, and they
can not after that change it until the expiration of ten years.
But if the company fails to accept the provisions of the ordi-
nance, then council may regulate it from time to time, or from
year to year; because there is nothing that prevents the regu-
lation of the price of gas by the city council except the accept-
ance of the provisions of the ordinance of the council, making it
a binding contract for ten years.

I am cited to the 65 Ohio State, at page 186, *City of Chillicothe
v. Gas Company*.   That is a case where the city of Chillicothe
passed an ordinance in 1889, fixing the price which should be
charged for gas through the meter.   They fixed no rate except
a flat rate.   They left that with the gas company, and most of
the citizens were using gas by flat rate.   This ordinance was
passed on February 11, 1889, I believe.   In September after that,
they attempted to fix the rate for gas by using it at flat rates,
and the Supreme Court held that they could not do that.   The
court does not think that that is binding in this case.   It is
easily distinguishable from the case at bar.

Defendant's counsel suggests, in his brief, that if the court
should find that the village had the right to pass this ordinance
—and the court does so find—that the question of the reason-
ableness of the price is not raised.   The court does not pass upon
that.   But the court holds that the village had the right to pass
the ordinance that it did pass, and a decree may be entered for
plaintiff here, with notice of appeal and bond.